UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW HERBERT FORGEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03029-TWP-MPB |
| | ) | |
| WARDEN, Plainfield Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petitioner's Motion for Extension of Time,
Denying Motion to Stop Hearing,
Granting Respondent's Motion to Dismiss Petition as Moot,
and Directing Entry of Final Judgment**

On November 28, 2017, respondent moved to dismiss this 28 U.S.C. § 2254 state prison disciplinary action as moot because the prison disciplinary conviction and sanctions being challenged were vacated by the Department of Correction and set for rehearing. *See* dkt. 17. Petitioner Matthew Forgey was allowed through December 22, 2017, to respond.

Mr. Forgey has filed a "Notice of 13-Day Extension," which the Court construes as a motion for an extension of time in which to respond to the motion to dismiss. In the motion Mr. Forgey acknowledges that his disciplinary conviction has been vacated and is set for rehearing. He seeks more time in which to respond and oppose dismissal.

Mr. Forgey also seeks, by way of a "Motion to Stop Hearing," an order directing the Department of Correction to cease its prosecution of his disciplinary action until such time as this Court has ruled on the pending habeas corpus action. In this motion he also acknowledges that the disciplinary matter which he is challenging here is being reheard in the prison disciplinary system. Mr. Forgey has been re-screened and his re-hearing is set for January 4, 2018.

While this habeas corpus case was pending, the Indiana Department of Correction final reviewing authority, on November 28, 2017, vacated Mr. Forgey's disciplinary conviction and sanctions and set the case for re-hearing. Dkt. 17-5. Mr. Forgey's extension motion and request to halt the disciplinary rehearing acknowledge this, and therefore it is undisputed that the original disciplinary conviction has been vacated. But Mr. Forgey still wants a decision in this case.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Here, Mr. Forgey's conviction and sanctions were vacated and thus can no longer affect the duration of his custody. Accordingly, his current petition is moot. *See id.* An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998). Therefore, respondent's motion to dismiss, dkt. [17], is **granted**. Mr. Forgey's motion for an extension of time, dkt. [23], is **denied**. The motion "to stop hearing," dkt. [24], is **denied**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 12/27/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew Herbert Forgey
175408
Plainfield Correctional Facility
Electronic Service Participant – Court Only

Electronically Registered Counsel